THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Bitmain Technologies Ltd., <br><br> Plaintiff, <br><br> v. <br><br> John Doe, <br><br> Defendant. | No. 2:18-cv-1626 <br><br> **PLAINTIFF'S EX PARTE MOTION FOR PERMISSION TO CONDUCT IMMEDIATE NON-PARTY DISCOVERY** <br><br> NOTE ON MOTION CALENDAR: <br> November 13, 2018 |

NOW COMES Plaintiff Bitmain Technologies, Ltd ("Bitmain"), by and through undersigned counsel, and hereby respectfully files this *ex parte* motion with the Court, pursuant to Federal Rule of Civil Procedure 26(d)(1), for permission to seek immediate discovery from non-parties in order to identify the "John Doe" defendant, preserve evidence and recover its stolen digital assets. This motion is being filed *ex parte* because the defendant has not been identified and has likely taken steps, and may continue to take steps, to remain unknown to avoid being caught and to escape responsibility for his/her unauthorized computer access and theft. Bitmain's motion is supported by good cause as described in the facts and arguments below.

I.     STATEMENT OF FACTS

Bitmain filed its complaint against John Doe on November 7, 2018. Bitmain alleges that on or about April 22, 2018, John Doe accessed Bitmain's digital wallet without authorization to defraud and steal the cryptocurrency Bitcoin ("BTC") from Bitmain. As alleged in the complaint,

MOT. FOR IMMEDIATE NONPARTY
DISCOVERY – 1

142098640.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  John Doe accessed (without authorization) Bitmain's digital wallet that was hosted on the
2  Binance cryptocurrency trading platform. After gaining access to Bitmain's digital wallet, and as
3  part of a scheme to defraud and steal from Bitmain, John Doe orchestrated trades using
4  Bitmain's BTC and other digital assets. As a result, John Doe was able to transfer BTC out of
5  Bitmain's digital wallet into other digital wallets controlled by John Doe, resulting in significant
6  financial loss to Bitmain.

7  Relying in part on information stored on the immutable and publicly available BTC
8  blockchain, Bitmain was able to track a significant amount of the BTC removed from its digital
9  wallet and learn that it had been transferred to a digital wallet on a different digital asset trading
10 platform. Specifically, some of the BTC removed from Bitmain's digital wallet was transferred
11 to an account on the Bittrex, Inc. ("Bittrex") cryptocurrency trading platform. Moreover, Bitmain
12 was similarly able to determine that other digital assets, specifically MANA coins ("MANA"),
13 that John Doe used as part of his/her scheme to defraud and steal BTC from Bitmain, were
14 initially held in another account hosted on the Bittrex platform.

15 Bittrex is a Seattle-based cryptocurrency and digital asset trading platform that also
16 provides custodial wallet services where users can store digital assets in digital wallets. Upon
17 information and belief, Bittrex is likely to have information that can help identify the person(s)
18 who opened and controlled the digital wallet into which some of Bitmain's stolen BTC was
19 transferred and could possibly still be held. Moreover, Bittrex is also likely to have information
20 about the person(s) who opened and controlled the digital wallet containing the MANA coin that
21 John Doe used as part of the fraud and theft from Bitmain.

22 Immediate discovery from Bittrex and potentially others is needed to (1) identify the
23 defendant so he/she can be named and served in this case, and (2) track and freeze the stolen
24 funds immediately so that Bitmain may recover as much of its stolen BTC as possible, and (3)
25 preserve digital evidence that might otherwise be subject to being altered, deleted, or destroyed.
26

MOT. FOR IMMEDIATE NONPARTY
DISCOVERY – 2

142098640.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II.   ARGUMENT

### A.   Good Cause Exists for Permitting Immediate Discovery

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Fed. R. Civ. P. 26(f), except by specific court order. In this case, there is good cause and urgent need for the Court to issue such an order and permit Plaintiff Bitmain to seek immediate discovery from Bittrex and other non-parties who may have information that can assist with providing information for the purpose of (1) identifying the defendant, (2) locating stolen digital assets, and (3) preserving digital evidence in a timely manner to avoid it being lost, wiped, overwritten, or destroyed.

Defendant "John Doe" has intentionally sought to conceal his or her identity. As a result, it is not possible for the plaintiff Bitmain to serve him/her with legal process or to meet and confer before seeking discovery. In situations such as those presented in this case, good cause exists to permit plaintiffs to proceed with reasonable and immediate non-party discovery. *See, e.g. Semitool, Inc. v Tokyo Electron. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Id.* "[W]here the identity of the alleged defendant [ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .") (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Music Grp. Macao Comm. Offshore Ltd.*, No. 14-cv-621, 2014 WL 11010724, at *2; *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) (reporting that courts in the Ninth Circuit "permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces immediate destruction.").

Although Plaintiff Bitmain does not know the identity of the Defendant hacker and thief, Bittrex and other non-parties are likely to have information that can identify or assist in

MOT. FOR IMMEDIATE NONPARTY
DISCOVERY – 3

142098640.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

identifying "John Doe." Bittrex and others may also currently have some control or access to Bitmain's stolen BTC by virtue of the custodial wallet services they provide to customers, or in the alternative, they may have information about where the BTC were further transferred or withdrawn.

BTC are transferred between digital wallets using unique, but anonymous, public key BTC addresses. Moreover, when BTC are transferred between wallets, each transaction is given a unique identifier, or hash, that is recorded on the public BTC blockchain ledger. This ledger is public, and anyone with access to the internet can view and search the BTC blockchain ledger (for example blockchain.com/explorer). This ledger is also immutable, meaning it cannot be changed once a transaction is verified and recorded on the blockchain.

Using the public key addresses and transaction identifiers, as well as other information, Bitmain was able to trace the transfer of some of its stolen BTC from its wallet on the Binance platform into a wallet held on the Bittrex platform. Because Bittrex likely verified the identity of the person who opened the Bittrex account to which the stolen BTC was transferred, Bittrex is likely to have information about the account holder on the Bittrex platform who received the stolen BTC. Bittrex will also be able to confirm whether any of the stolen BTC remain on its network, and/or information about where it was thereafter transferred or withdrawn. This information could be critical to identifying Defendant John Doe and recovering the stolen assets.

Similarly, Bittrex will have information about the account holder on the Bittrex platform who transferred the MANA coin to a wallet on the Binance platform that John Doe used to execute his/her scheme to defraud and steal from Bitmain. This information could likewise be critical to identifying John Doe and recovering stolen assets.

Although the BTC blockchain is immutable, there may be other digital records held by Bittrex or other third-parties that may be evidence in this case and need to be preserved and collected. Furthermore, immediate discovery is appropriate because, as discussed herein, the stolen BTC is infinitely divisible and easily transferrable around the globe. The longer it takes to

MOT. FOR IMMEDIATE NONPARTY
DISCOVERY – 4

142098640.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

track and freeze the stolen funds, the less likely it will be that Bitmain will be able to recover any portion of the nearly $5.5 million worth of BTC that was stolen.

### III.   CONCLUSION

Plaintiff Bitmain requests leave to conduct immediate discovery limited from Bittrex and other non-parities who may have information that can assist in identifying the "John Doe" defendant, locating stolen assets, and obtaining evidence that might otherwise become unavailable. Initially, Bitmain seeks to issue a court-ordered subpoena pursuant to Fed. R. Civ. P. 45 to Bittrex to obtain identifying and other information about the account holders, digital wallets and transactions related to John Doe and the theft of Bitmain's BTC. For the foregoing reasons, Bitmain respectfully requests that the Court grant its Ex Parte Motion for Permission to Conduct Immediate Non-Party Discovery.

RESPECTFULLY SUBMITTED this 13th day of November, 2018.

By: /s/ Joseph P. Cutler
Joseph P. Cutler WSBA No. 37234

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.349.8000
Facsimile: 206.359.9000
Email:  JCutler@perkinscoie.com

KEVIN R. FELDIS
(*pro hac vice pending*, AK Bar No. 9711060)
Perkins Coie LLP
1029 West Third Avenue
Suite 300
Anchorage, AK 99501-1981
KFeldis@perkinscoie.com

KENDRA L. HAAR
(*pro hac vice pending*, AZ Bar No. 030959)
Perkins Coie LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
KHaar@perkinscoie.com

Attorneys for Plaintiff

MOT. FOR IMMEDIATE NONPARTY DISCOVERY – 5

142098640.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000