THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Bitmain Technologies Ltd.,

Plaintiff,

v.

John Doe,

Defendant.

No. 2:18-cv-1626

**DECLARATION OF JOSEPH P. CUTLER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR PERMISSION TO CONDUCT IMMEDIATE NON-PARTY DISCOVERY**

Joseph P. Cutler declares:

1. I am over 18 years of age and make this Declaration based upon personal knowledge of the facts set forth below except as to matters stated on information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would testify competently as to the matters set forth herein.

2. I am an attorney licensed to practice law under the laws of the State of Washington. I am partner at the law firm of Perkins Coie LLP, and represent plaintiff Bitmain Technologies Ltd. ("Bitmain") in this matter. I am competent to make this declaration.

3. Upon information and belief, on or about April 22, 2018, Bitmain was the victim of a theft of the cryptocurrency, Bitcoin ("BTC").

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4. Upon information and belief, Bitmain was holding BTC in an online digital wallet hosted by the Binance digital asset trading platform.

5. Upon information and belief, John Doe accessed Bitmain's digital wallet without authorizations on April 22, 2018 and used the BTC in that wallet to perform a series of unauthorized trades from Bitmain's digital wallet.

6. At the end of the unauthorized transactions, BTC had been removed from Bitmain's wallet.

7. BTC transactions are recorded on the BTC Blockchain ledger. This blockchain ledger is immutable and can be viewed publicly by anyone with internet access using various websites such as blockchain.com.

8. BTC are transferred between digital wallets using unique pseudonymous public key addresses. Moreover, when BTC are transferred between wallets, each transaction is given a unique identifier, or hash, that is recorded on the blockchain ledger.

9. Upon information and belief, Bitmain traced the BTC illegally transferred from its wallet to an account on the digital asset trading platform operated by Bittrex, Inc. ("Bittrex").

10. Specifically, and upon information and belief, Binance identified transfers of BTC to one or more BTC addresses that can be linked to the Bittrex trading platform.

11. Upon information and belief, Binance also identified that the digital asset MANA coin that was transferred into its digital wallet as part of the scheme to defraud and theft that occurred in this case was also initially transferred from a Bittrex account into a digital wallet on the Binance platform.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

12. Upon information and belief, Bittrex verifies the identities of its users such that it could possess information about the identity of account holders associated with the transactions wherein John Doe sent BTC and exchanged MANA with accounts on the Bittrex platform. This will include information that may assist in identifying the John Doe defendant in this case and that may identify the current location of Bitmain's stolen BTC, and/or further transfers or withdrawal of that BTC to other locations or entities.

13. Bittrex may also have other information related to the specific BTC transactions and MANA coin transactions and the specific Bittrex account holder(s) that may be relevant and useful in identifying John Doe, recovering the stolen BTC, and preserving evidence that is important to this case.

14. It is my understanding that Bittrex does not produce information about account holders and BTC addresses, or transactions associate therewith to third parties, absent a court-ordered subpoena.

15. Immediate discovery is important in this case for a number or reasons, including that this matter cannot progress until Bitmain knows the identity of the John Doe defendant, the stolen BTC can be readily transferred, and there is a need to preserve electronic evidence that might otherwise be transitory or deleted.

16. Apart from seeking discovery from non-parties, Bitmain does not have any other reasonable means to learn the identity of the person(s) who accessed Bitmain's digital wallet on the Binance trading platform.

17. Because Plaintiff Bitmain cannot identify the John Doe defendant, there is no way to serve him/her with the Complaint or any pleadings in this case, or to identify or communicate with potential counsel for the John Doe defendant.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

18. On behalf of Bitmain, I respectfully request leave to take discovery on non-parties who may have information that can assist with (1) identifying the John Doe defendant, (2) locating and recovering Plaintiff's stolen BTC, and (3) preserving and collecting evidence relevant to this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 13th day of November, 2018.

By: /s/Joseph P. Cutler
Joseph P. Cutler WSBA No. 37234

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.349.8000
Facsimile: 206.359.9000
Email: JCutler@perkinscoie.com

KEVIN R. FELDIS
(*pro hac vice pending*, AK Bar No. 9711060)
Perkins Coie LLP
1029 West Third Avenue
Suite 300
Anchorage, AK 99501-1981
KFeldis@perkinscoie.com

KENDRA L. HAAR
(*pro hac vice pending*, AZ Bar No. 030959)
Perkins Coie LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
KHaar@perkinscoie.com

Attorneys for Plaintiff