THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Bitmain Technologies Ltd., <br><br> Plaintiff, <br><br> v. <br><br> John Doe, <br><br> Defendant. | No. 2:18-cv-1626 <br><br> PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO SERVE COMPLAINT AND SUMMONS AND MEMORANDUM IN SUPPORT |

Plaintiff Bitmain Technologies Ltd., by and through counsel, and pursuant to Fed. R. Civ. P. 4(m), hidenereby move this Court for the entry of an Order extending time for service of the complaint on Defendant John Doe. In support of this Motion, Plaintiff refers the Court to the memorandum below.

## **MEMORANDUM IN SUPPORT**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a summons and complaint shall be served on a defendant within 120 days after the filing of the complaint. If the deadline is not met, the Rule allows for the Court to direct that service be effected within a time specified by the court in the exercise of its discretion. The complaint in this action was filed on November 7, 2018. The 120-day deadline under Rule 4(m) to serve the defendant is February 5, 2019. In this case, as explained herein, good cause exists to extend this deadline to allow the plaintiff additional time to identify the "John Doe" defendant.

PLAINTIFF'S MOTION TO EXTEND TIME
TO SERVE COMPLAINT AND SUMMONS
(No. 2:18-cv-1626)– 1
143181984.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Bitmain was the victim of a theft of Bitcoin valued in the millions of dollars that was

2    committed by defendant "John Doe."  As part of the crime, John Doe gained unauthorized access

3    to Bitmain's digital wallet, intentionally concealed his or her true identity, and took steps to

4    complicate the digital trail left behind.  Bitmain respectfully requests an extension of time in

5    which to serve the Defendant with the summons and complaint in this action because it has not

6    yet successfully determined the identity of the Defendant. As explained herein, Bitmain is

7    actively taking steps to identity and located the defendant there is good cause to extend the

8    service deadline.

9    As alleged in the Complaint [Doc. 1], and also explained in Bitmain's motion requesting

10   permission to conduct immediate non-party discovery [Doc. 3], this is an action to recover stolen

11   Bitcoin ("BTC") and other digital assets.  Because the defendant committed this crime online,

12   took steps to hide his/her identity, and transferred the stolen digital assets between accounts, it

13   has been complicated and time consuming to identify him or her.  To date, Bitmain has been able

14   to track transactions on the publicly accessible blockchain showing that digital assets that John

15   Doe illegally removed from its wallet on the Binance platform were transferred to accounts on a

16   different cryptocurrency trading platform.  Bitmain subsequently issued a subpoena to that

17   trading platform and successfully obtained information about those accounts and the identities of

18   the people who opened them.  With that information, Bitmain is currently in the process of

19   taking the next steps necessary to identify John Doe so that he or she can be served with the

20   complaint.  More time is necessary, however, to uncover the potential layers of obfuscation that

21   the defendant put in place, and to follow the digital trail to the defendant's identity.

22   The Court has broad discretion to extend time for service under Rule 4(m).  *See, e.g.*,

23   *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("Rule 4(m) explicitly permits a

24   district court to grant an extension of time to serve the complaint *after* that 120-day period.").  In

25   deciding whether to grant an extension, a district court may consider factors like: "statute of

26

PLAINTIFF'S MOTION TO EXTEND TIME
TO SERVE COMPLAINT AND SUMMONS
(No. 2:18-cv-1626)– 2
143181984.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."

2    *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

3    In this case, the statute of limitations has not run, and there is little prejudice to the

4    defendant in extending the time allotted to identify and effect service.  In fact, by transferring the

5    proceeds of the crime from place to place, and between different digital assets, and even across

6    jurisdictions, the defendant appears to have actively taken (and may still be taking) steps to avoid

7    being identified and served — to the great prejudice of Bitmain.  Similarly, it could be argued

8    that the defendant's crime is continuing, and he or she is acting more like a fugitive than a party

9    whose right can be prejudiced by granting this motion.  Either way, there is little argument to

10   support rewarding John Doe for this obfuscation.  Defendant may or may not have actual notice

11   of the lawsuit, but the fact remains that he or she has not come forward and his or her identity

12   remains unknown.  Bitmain is continuing to follow the trail, and once identified, Bitmain will

13   immediately serve the Defendant with the complaint and summons.  For all these reasons, and in

14   the interest of justice, Bitmain believes there is good cause to grant an extension of time to

15   properly serve the Defendant under Federal Rule of Civil Procedure 4(m).

16   Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order

17   allowing them an additional 120 days, through and including June 5, 2019, in which to serve the

18   summons and complaint on the Defendant.

19   RESPECTFULLY SUBMITTED this 4th day of February, 2019.

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO EXTEND TIME
TO SERVE COMPLAINT AND SUMMONS
(No. 2:18-cv-1626)– 3
143181984.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

By: /s/ *Joseph P. Cutler*
Joseph P. Cutler WSBA No. 37234

3

4

5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.349.8000
Facsimile: 206.359.9000
Email:  JCutler@perkinscoie.com

6

7

8

9

KEVIN R. FELDIS
(*appearing pro hac vice*, AK Bar No. 9711060)
Perkins Coie LLP
1029 West Third Avenue
Suite 300
Anchorage, AK 99501-1981
KFeldis@perkinscoie.com

10

11

12

13

KENDRA L. HAAR
(*appearing pro hac vice*, AZ Bar No. 030959)
Perkins Coie LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
KHaar@perkinscoie.com

14

*Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO EXTEND TIME
TO SERVE COMPLAINT AND SUMMONS
(No. 2:18-cv-1626)– 4
143181984.3

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on February 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000